JAMES W. GIBSON

*v.*

HIRAM B. DECIUS *et al.*

TRUST—*promise to pay money when land is sold.* Where land is conveyed by a client to his attorney, for fees in a suit then pending, and afterwards other attorneys are employed, and assist in the management of the case, even if the one to whom the land is conveyed employs them, and tells them he has received a conveyance of land for fees, and that he will

pay their fees when he sells the land, such facts would not make him a trustee of the land for the joint benefit of all, or entitle the others to a partition of the land, or any other relief in a court of equity, whatever might be their rights in a suit at law.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. BROWN & GIBSON, for the plaintiff in error.

Mr. JOHN H. HALLEY, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Defendants in error filed a bill, against plaintiff in error, to establish their title to and have partition made of the tract of land in controversy. Plaintiff in error denied all right or title of defendants in error in the land, and resisted a partition. Defendants in error claim that the land was conveyed to plaintiff in error in payment of attorneys' fees due to them and plaintiff in error for services rendered in a law suit, in which they were all retained by Mrs. Wakefield during its progress, and that he held it in trust for them, to the extent of their respective fees; but plaintiff in error insists that the land was conveyed to him to pay fees due him for services he had rendered in the case, and that defendants in error were not retained until after the contract for the conveyance was made with him, and that he never agreed to convey to, or hold any interest in, or any portion of the land, for them.

Complainant Decius testified that, either at the March or November term, 1872, of the court, plaintiff in error informed him that he had a suit to quiet title, and wanted him to assist in the case. Plaintiff in error, in his testimony, denies that he ever requested Decius to assist him; but he says that Thomas Wakefield, the husband of complainant, employed Decius to assist. He also says that Decius was the judge of the court in which the suit was pending at both of the terms he names. If he did not resign, he continued to be judge until June, 1873; so he could not have been consulted by any one or retained in the case before June, 1873. Hence he is mani-

festly mistaken as to the date of his employment. Plaintiff in error fixes the first interview between him and Decius at the December term, 1873.

Decius testified that there was no agreement about his fee, but plaintiff in error had told him he would pay him a fee when he sold the land—"he never agreed to give any specified part of the land to me; there was no agreement at all." Plaintiff in error had received a deed of conveyance for the land on the 24th of February, 1872, before defendants in error, or either of them, came into the case. Hence any arrangement by which Decius could acquire any interest in the land, would have to be made with plaintiff in error; and what Decius himself says, in his testimony, wholly fails to invest him with the slightest pretense to any such interest. All that it could possibly amount to was, a promise to pay him a reasonable fee when plaintiff in error should sell the land. He does not pretend, in his testimony, that plaintiff in error ever, either before or after his retainer, agreed to give him any part of or interest in the land. Then, on what known principle of law can it be held that plaintiff in error is his trustee for any portion or interest in the land? We are wholly unable to comprehend that any rule, either at law or in equity, would require or even sanction it. To declare such a trust, the evidence must be clear and convincing that such an agreement was made, or such acts were done, as the law will imply a trust; but here there is an entire want of such evidence.

Complainant Shaw testified that, at the March term, 1872, plaintiff in error came to him about the case, and wanted him to assist, and he agreed to do so at that time; that plaintiff in error told him that the fee depended on the success in the suit; that he was to get forty acres of land if he was successful. He testified that he supposed he was to share equally; that he was engaged before Decius, but plaintiff in error, soon afterward, told him that Decius was employed. He thinks he talked to plaintiff in error about taking a deed to them, when he informed him that he had taken a deed to himself; that "there was nothing agreed upon between Gibson and me as to the

amount of my fee, nor as to my having any specified portion of the land;" that his only services were in consulting and assisting at the trial; that he had no conversation with Mrs. Wakefield about any employment in the case, or any conversation with her on the subject.

Plaintiff in error denies, in his testimony, that he ever employed or asked Decius or Shaw to assist him in the case; that they both came to him, and said they had been retained by the husband of Mrs. Wakefield, before he consulted with them about the case. Mrs. Wakefield, who was the person for whom the legal services were rendered, testified that she conveyed the land to plaintiff in error for his services in law suits for her and her husband; that Shaw, at the May term, 1874, talked to her "about the case, and told me he had a notion to go into the case and help Gibson. I told him I would be glad if he would, but we would not be able to pay him anything, and his work would be for nothing; and he said he would help anyhow, whether we could pay him anything or not."

We, from this evidence, fail to see that there is the slightest semblance of an agreement, on the part of plaintiff in error, to convey, or hold this land, or any portion of it, or any interest in it, to Shaw. We can not, by any rule of interpretation, torture the language of Shaw himself into such an agreement. Whether he has any legal claim on plaintiff in error for a *quantum meruit,* is not before us, and we will not discuss or determine that question until it shall be presented for decision; but the evidence fails to disclose the slightest grounds for holding that plaintiff in error became a trustee, or in any other manner holds any portion or any interest in this land for Shaw.

The testimony is wholly insufficient to justify granting the relief sought, and this is true without any reference to the Statute of Frauds. The evidence simply signally fails to support the allegations of the bill, and the decree of the circuit court can not be sustained. The decree must be reversed and the bill dismissed.

*Decree reversed.*