Bromwell v. Turner.

## SARAH E. BROMWELL
### v.
## FRANK D. TURNER ET AL.

*Attorney and Client—Contingent Fee—Lien for.*

1. Upon the fruits of litigation, not in the possession of the attorney through whose efforts the same were secured, there can be no lien for services rendered.

2. A promise to pay an attorney a certain proportion of a given fund, if such fund be obtained through his exertions, gives no lien in equity thereon. The remedy is at law for a breach of the promise upon refusal to carry out the same.

[Opinion filed January 16, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mrs. S. E. BROMWELL, *pro se.*

Messrs. SMITH, HELMER & MOULTON, for appellees.

Weeks on Attorneys at Law, says (Sec. 369) : "Attorneys are allowed two species of liens as security for the payment of their compensation and costs. The particular or 'charging lien' on the property of the client on account of labor bestowed or money expended in regard to that particular property, and secondly, a general lien for the balance due them on account of their professional services."

"The particular lien also attaches to the fruits of a judgment or decree which the attorney's services have obtained." (See, also, Sec. 368.) Ex parte Price, 2 Ves. Sr. 407; Turwin v. Gibson, 3 Atk. 720; Mitchell v. Oldfield, 4 Tenn. Rep. 123; Skinner v. Sweet, 3 Madd. 244; Irving v. Viana, 2 Younge & J. 70.

This lien has been held to attach to money payable to the client by virtue of an award, and to money payable into court, if the proceeds of the labor and skill of an attorney. The reason is, the money is regarded as the fruit of the attorney's labor and skill, especially if he has taken up the cause of a poor person. Weeks on Attorneys at Law, Sec. 370.

The United States Supreme Court has held to this doctrine, and that the court would enforce it by a bill in equity. Wylie v. Coxe, 15 How. 415.

Our Supreme Court has held that a court of chancery has full jurisdiction of the question of an attorney's lien. Morgan v. Roberts, 38 Ill. 65.

An attorney may have a special lien upon a fund in court or in the hands of a receiver, recovered by him, and a court of equity, having such a fund in its possession, will protect the attorney in retaining out of it a reasonable compensation for his services. Jones on Liens, Sec. 147.

An oral agreement is sufficient to create a general lien in equity in favor of an attorney. Jones on Liens, Sec. 154.

GARY, J. The appellees, who were a firm of attorneys, under the name of Turner & Moore, filed a bill against the appellant to enforce the terms of the following instrument, which they alleged they delivered to her, and the terms of which she agreed to:

"Received of Mrs. Sarah E. Bromwell seventy-five dollars in full of all attorneys' fees as cash engagement in her equity suit, probate and civil cases; and she is to pay no more fee except that in case of success in the estate and damage cases, she agrees to pay one-fourth of what she may recover in each, provided, that if such interest ($\frac{1}{4}$) equals $1,000 a case, that she is not to pay any sum as a fee in the case in excess of $1,000, but such sum shall be the full fee in such case, and her said attorneys are, in no event, to hold her for any liability for fees, in either case, except the contingent fee as above named, and that is to be paid to them out of the same as recovered, and neither she nor her said attorney shall have any right to compromise or settle any of these cases without the written consent of the other.

"August, 18, 1887.

"TURNER & MOORE."

It is unnecessary to consider the conflict of evidence as to her assent to the terms.

The instrument, even if it had been signed by her, is not an assignment of any portion of what she might recover, but only a promise to pay part of a certain fund, which gives no lien in equity upon the fund. The only remedy is at law for a breach of the promise. The cases are so fully collected in Pom. Eq., S. 1283, and Bish. Eq., p. 221, that it would be mere ostentation to repeat the citations. On page 103, in Wyman v. Snyder, 112 Ill. 99, the distinction between an assignment of part of, and a promise to pay part of, a fund, is clearly expressed.

In this case the appellant could not perform literally the promise, without first receiving the money recovered. In Smith v. Young, 62 Ill. 210, the report does not state the facts fully. It is probable there was a formal contract, containing an assignment. This question may have been in Hawk v.

Ament, 28 Ill. App. 390, as the case reads, but the question was not alluded to by court or counsel, and the case is therefore no authority upon it.

In Sanders v. Seelye, 27 Ill. App. 288, the attorney's lien stood upon possession of the bonds in controversy.

But upon the fruits of litigation, not in the possession of the attorneys by whose skill and labor those fruits have been produced, those attorneys have, in this State, no lien. Forsythe v. Beveridge, 52 Ill. 268; La Framboise v. Grow, 56 Ill. 197.

This point being decisive of the case, the decree is reversed and the cause remanded, with directions to the Circuit Court to dismiss the bill with costs.

*Reversed and remanded.*