## ALLAN C. STORY
### v.
## BENJAMIN H. HULL ET AL.

*Attorney and Client—Fees—Recovery of.*

1. Upon a petition filed by an attorney for the enforcement of an alleged agreement by certain heirs that for services rendered he should receive an heir's share of any sum that might be recovered, the defendants contending that the agreement was for a reasonable compensation, this court holds that the finding of the chancellor on the facts is binding on this court; that a court of law but not of chancery is open to the petitioner in which to recover a reasonable compensation; and declines, the evidence being conflicting, to interfere with the decree dismissing the same.

[Opinion filed June 25, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. W. P. BLACK and F. W. STORY, for appellant.

Mr. CHARLES H. ALDRICH, for appellees.

GARY, J.   February 12, 1889, Charles J. Hull, a very rich man, died, having devised and bequeathed all his estate, passing by his brothers, sisters, nephews and nieces. Several of

them attempted to set the will aside, and employed the appel-
ant as their attorney. The universal devisee and legatee
compromised with the heirs and to carry the compromise
into effect a bill was filed and a decree entered. Before the
decree was carried into execution the appellant filed the peti-
tion in this cause, alleging, among other things, that the heirs
had agreed with him that for his services he should have "an
heir's share," being one-tenth part of the amount that might
be recovered, and asking the court to enforce that agreement.
The court dismissed the petition for want of jurisdiction.

While the point on which the jurisdiction, in the opinion
of the court below, failed, is not expressly stated, yet, as the
whole testimony goes to the value of his services and the
nature of the agreement with the heirs, and as there is an
irreconcilable conflict whether the agreement was that he
was to have "an heir's share" or a reasonable compensation,
the point must have been that the court did not find that the
agreement was for "an heir's share" which would, at least so
far as affected the parties to the agreement, have amounted to
an equitable assignment of one-tenth of the interest of each
of them. Had there been such equitable assignment the
court would have had jurisdiction. The answer to the peti-
tion took no exception to the form of the proceedings, and
only insisted that the agreement was not for "an heir's share"
but for a reasonable compensation.

On the conflict in the testimony the finding of the chancel-
lor on the facts, binds us. A review of that testimony would
only serve to show that there was no preponderance in favor
of the appellant.

A court of law, but not a court of chancery, is open to him
in which to recover a reasonable compensation. Bromwell
v. Turner, 37 Ill. App. 561.

The decree is affirmed.

*Decree affirmed.*