## Ossian Cameron et al. v. Louis Boeger et al.

102    649
a200s   84

1. PARTIES—*To Suits in Chancery.*—In chancery, suits are properly conducted in the names of the real parties in interest.

2. ASSIGNMENT—*Distinction Between, and a Mere Promise to Pay a Part of a Debt out of a Fund When Collected.*—The distinction between an assignment or actual appropriation of a fund, or some portion of it, and a mere promise to pay a debt out of such fund when collected, is clearly pointed out in Wyman v. Snyder, 112 Ill. 99, and other cases cited in the opinion.

3. ATTORNEYS AT LAW—*Have No Lien for Their Fees.*—An attorney at law has, in this State, no lien for his fees, and his client may dismiss his suit when he pleases.

**Bill for an Accounting.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Mr. Justice FREEMAN dissenting. Opinion filed July 2, 1902.

**Statement.**—The Oakland Cemetery Association filed its bill in the Superior Court against Louise Boeger et al., for an accounting as to the proceeds of the sale of certain

lands therein described and the specific performance of an
alleged contract of sale by said Louise Boeger to one Will-
iam Raguth of a certain 240 acres of land, which contract
it was charged had been assigned to said cemetery associa-
tion. The defendants answered the bill specifically deny-
ing the equities claimed; and the cause was referred to a
master to take testimony and report. After much testi-
mony had been taken the complainant and Louise Boeger
agreed upon a settlement, in pursuance of which Louise
Boeger paid the association $2,500 in cash, receiving in
return therefor a conveyance of one acre of land and an
agreement that the said suit should be dismissed, which
was done the 2d of March, 1901. The dismissal was entered
upon the filing of the following stipulation :

"I hereby enter my appearance as additional counsel for
the complainant, on this second day of March, 1901.

N. H. Hanchette,
Of counsel."

"It is hereby stipulated by and between the parties to
the above entitled cause, that said suit may be dismissed
without costs to either party.

February 20, 1901.

The Oakland Cemetery Association,
(Corp. Seal.)                By William Rauguth,
Prest.

Attest :                     N. H. Hanchette,
Minnie Dietzel,              Of Counsel for Compl't.
Sec'y.

Thatcher & Griffen,
Sols. for Defendants."

Thereafter, upon the same day, under leave of court the
following written paper was filed in court :

"And now comes the complainant and moves the court
to set aside and vacate the order of dismissal this day
entered in above case.

Chester Firebaugh,
Ossian Cameron,
J. J. Kelly,
Solicitors for Complainant."

Upon the same day it was ordered that the motion to
vacate the order of dismissal of said cause be continued.

April 8, 1901, an intervening petition was filed in said cause by Ossian Cameron, James J. Kelly and Chester Firebaugh, appellants, none of whom were parties to the said cause, setting forth the making at the date thereof of the following agreement :

CHICAGO, August 2, 1900.

This article of agreement made and entered into on this 2d day of August, A. D. 1900, by and between the Oakland Cemetery Association, a corporation, and William Rauguth, parties of the first part, and Ossian Cameron and Chester Firebaugh, parties of the second part, witnesseth as follows, to wit:

Whereas, the said parties of the first part have a certain dispute or litigation with one William Boeger, Louise Boeger, his wife, Louis Boeger, his son, and one Fulton H. Sears, in regard to the rights of the first party hereto in and to all of the following described real estate, to wit:

The west half (W. $\frac{1}{2}$) of the northeast quarter (N. E. $\frac{1}{4}$) and the northwest quarter (N. W. $\frac{1}{4}$) of section twenty (20), all in township thirty-nine (39) north of range twelve (12), east of the third principal meridian, situate in the county of Cook and State of Illinois; and, whereas, it is necessary for the first party hereto, in order to obtain what the first party hereto claims to be his rights in and to all of said described real estate, to litigate the same with the said Boegers and the said Sears; and, whereas, it is necessary for the first parties hereto to have attorneys and counsel to aid in and about prosecuting said litigation to obtain the rights and interests of the first parties hereto in and to said premises.

Now, therefore, it is hereby stipulated and agreed that the said parties of the first part hereto do hereby employ, engage and retain the said Ossian Cameron and the said Chester Firebaugh as the attorneys of the first parties hereto, to prosecute the said litigation; and it is hereby agreed that the said first parties hereto will, from time to time, advance and pay whatever costs or expenses may be necessary in and about the prosecution of the said litigation; and it is further hereby agreed that the said second parties hereto shall receive as their compensation for their services in and about the prosecution of said litigation on behalf of the first parties hereto, from the first parties hereto, one-third of whatever is realized or obtained as the result of any such litigation, or if any settlement is made pending any such litigation, then the second parties hereto

shall receive one-third of whatever amount is obtained or received as a settlement of said matters in litigation; the fees of the second party herein are contingent upon the result of said litigation, as above expressed, they to receive one-third, as aforesaid, of the avails of said litigation, or of any settlement which is made in the case. All expenses and costs of said litigation, as aforesaid, to be advanced and paid by the first parties thereto.

It is understood that in case any settlement had in this case results in the first parties hereto, or either of them, obtaining the said lands and premises above set out, then the second parties hereto shall receive from time to time one-third of the benefits, avails and net earnings of said business.

Witness our hands and seals this 2d day of August, A. D. 1900.

OAKLAND CEMETERY ASSOCIATION,
By William Rauguth, Pres.    [SEAL.]
[SEAL.]        Minnie Dietzel, Secy.
WILLIAM RAUGUTH,                [SEAL.]
OSSIAN CAMERON,                 [SEAL.]
CHESTER FIREBAUGH.              [SEAL.]

James J. Kelly is hereby employed as associate counsel in above case on same terms as above expressed, and is to receive in addition to, or besides what Firebaugh and Cameron are to receive, one-sixth (1-6) of the proceeds of above obligation, less a sum equal to the costs and expenses of said case.

Sept. 21, 1900.        OAKLAND CEMETERY ASSOCIATION,
By William Rauguth, Pres."

By the petition and affidavit in support thereof it was set forth that the petitioners had rendered service to the complainants as solicitors for them in said suit to the value of $20,000; that the Oakland Cemetery Association and William Rauguth are now and were, each, at all times mentioned in the petition, totally insolvent and have no effects or property out of which any debt of any kind could be collected; that the defendants to said bill have at all times known that the petitioners had a written agreement with the complainants by which they, the petitioners, were to receive one-half the proceeds of said litigation; that by collusion between the complainants and defendants, N. H. Hanchette was employed to appear as counsel for said com-

plainants and consent to the dismissal of said bill without notice to or knowledge by petitioners.   That said dismissal was so made for the purpose of defrauding petitioners out of that compensation to which, under said agreement, they were lawfully and equitably entitled.

The defendants demurred to said petition, which demurrer was sustained and the suit dismissed, the court making the following finding:

" The court being fully advised in the premises finds that the complainant herein, for the purpose of defrauding said Chester Firebaugh, Ossian Cameron and James J. Kelly out of their fees as solicitors, made said stipulation to dismiss this suit without notice to said Firebaugh, Cameron and Kelly, and combining and confederating with the defendants for the purpose aforesaid, caused this suit to be dismissed for the purpose aforesaid.   But the court finds that the contract for solicitors' fees between the complainants and the said Firebaugh, Cameron and Kelly gave no interest in the subject-matter in the suit and that the complainant had the right to dismiss its suit."

OSSIAN CAMERON, CHESTER FIREBAUGH and JAMES J. KELLY, attorneys for appellants.

THATCHER & GRIFFEN, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

If the petitioners under their agreement with the Cemetery Company, or anything done thereunder, became possessed of an interest in the subject-matter of the suit, they could and properly should have made themselves parties thereto.   In chancery, suits are properly conducted in the name of the real parties in interest.

Did petitioners have an interest in the subject-matter of the suit?   The agreement with petitioners was not an assignment to them of any portion of the subject-matter of the suit or that which might be obtained thereunder.

The agreement was, that petitioners should receive from the Oakland Cemetery Association and William Rauguth a certain portion of whatever should be obtained or realized as the result of the litigation, or if any settlement was

made pending the litigation, petitioners were to receive the same proportion of that obtained by settlement. A settlement by the complainants was clearly contemplated by the agreement with petitioners. The distinction between an assignment or actual appropriation of the fund, or some portion of it, and a mere promise to pay a part of a debt or fund out of the fund when collected, is clearly pointed out in Wyman v. Snyder, 112 Ill. 99–103; Story v. Hull et al., 143 Ill. 506–511; Bromell v. Turner, 37 Ill. App. 561; Trist v. Child, 21 Wallace, 441–447; Christmas v. Russell, 14 Wallace, 69, and Pomeroy's Equity Jurisprudence, Section 1280.

An attorney has in this State no lien for his fees and the client can dismiss his suit when he will. Henchey v. The City of Chicago, 41 Ill. 136; North Chicago Street Ry. Co. v. Ackley, 171 Ill. 100–113.

The petitioners ask that in opposition to the wish of the complainants they be permitted to prosecute this suit; they insist that the complainants could not settle this litigation without the consent of their solicitors, because the complainants have agreed to give them a certain portion of that which may be recovered in the suit. There was no assignment of any portion of the fund to petitioners or any of them. They therefore have not shown themselves to be entitled to be made parties to the suit in which they were solicitors.

The decree and order of the Superior Court is affirmed.

Mr. Justice FREEMAN dissents.