## Hector J. Humphrey *et al.*

*v.*

## Orville H. Browning *et al.*

1. Attorney—*has no lien for his compensation upon the real estate recovered.* The claim of an attorney at law, to compensation, is no lien upon the real estate recovered in an action of ejectment, prosecuted by him.

Appeal from the Circuit Court of Hancock county; the Hon. Joseph Sibley, Judge, presiding.

This was a bill in chancery, filed in the court below by the appellees, against the appellants, to obtain a lien for their claim to compensation upon certain real estate, recovered in

an action of ejectment, prosecuted by them as the attorneys of appellants.

Messrs. SHAW & CRAWFORD, for the appellants.

Mr. F. V. MARCY, Mr. JACKSON GRIMSHAW, and Mr. N. BUSHNELL, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The only important question presented by this record which we propose to examine is, has an attorney at law a lien upon the real estate recovered in an action of ejectment, prosecuted by him?

This is a new question in this court, and if it rests upon a great preponderance of authority in its favor, as argued by appellees, it would seem to be no difficult matter to produce the authority. If it does exist in any country in the world, where the common law prevails, or equity jurisprudence obtains, the books ought to be full of such cases. Not a single case has been referred to by appellees sustaining their position. *Barnesly* v. *Powell*, 1 Ambler 102, is not a case in point. That was a petition by the solicitor of Barnesly, a lunatic, setting forth that he had expended great sums of money in prosecuting suits in the courts of chancery and at law, against the defendant, Powell, on behalf of the lunatic, and praying that he might be at liberty to enter up a judgment with a stay of execution against the lunatic for such moneys, that thereby he might obtain a lien on the real estate of the lunatic.

This was refused by the chancellor, upon the ground that no action would lie against the lunatic, but it must be against the committee of the lunatic, who employed the solicitor. The chancellor said the committee had a lien upon the lunatic's estate, and being willing, as he said, to assist the solicitor

all he could, he would declare the solicitor to stand in the place of the committee, and had a lien upon the lunatic's estate. Immediately following this opinion of his lordship, is this "Quere : If he had such a lien ? The counsel for the solicitor to whom it was decreed doubted of it." This shows the solicitor had no lien except by way of substitution, and fails to sustain the position assumed by appellees. The chancellor, it is true, in the first part of the opinion says, "if a solicitor prosecutes to a decree, he has a lien on the estate recovered in the hands of the person recovering for his bills." But this point was not before the chancellor for adjudication, and in the case at bar, the chancellor having held that the soliciter had no right of action against the lunatic, it is not easy to see how he could have a lien against the lunatic's estate.

The case of *Turwin* v. *Gibson*, 3 Atkins, 720, was a question of preference, which should be first paid, the bond debts of the deceased or the solicitor's fees, and the chancellor decided the solicitor's fees should be first paid, and that, such was constantly the rule of that court; and it is quite likely, that in that particular case, the solicitor was entitled to a preference for his fees, but it does not touch the case appellees are endeavoring to make.

The case of *Worral* v. *Johnston*, 2 Jacob and Walker 218, has not been examined, the book not being accessible.

The case *ex parte Price*, 2 Vesey Senior, 407, was also by Lord HARDWICKE, and was a petition by a solicitor to be paid his *bill of costs* in taking out a commission of lunacy, out of the fund of the lunatic's estate, and not oblige him to come under the commission of bankruptcy against him who took out the commission of lunacy, and his lordship said, solicitors have this equity allowed to them to be entitled to a satisfaction out of the fund for their expenses, whether it was in the way of suit or prosecution in lunacy or bankruptcy.

The case of *Mitchell* v. *Oldfield*, 4 Term Rep. 123, was a case where mutual judgments were sought to be set off, and

the attorney of one party claimed a lien for his costs, and Lord KENYON, Ch. J. said, that this did not depend on the statute of set-off, but on the general jurisdiction of the court over the suitors in it; that it was an equitable part of their jurisdiction, and had been frequently exercised; but as to the other point, he observed, that the attorneys and solicitors of the different courts have a lien on all papers in their hands, and judgments recovered, for their costs; that in the court of chancery they were permitted to retain title deeds for that purpose, and he thought it right that the attorney in this case should be satisfied for his costs, before the defendant was allowed to make the set-off.

The case of *Read* v. *Dupper*, 6 ib. 361, holds, if the defendant's attorney pay to the plaintiff the debt and costs recovered after notice from the plaintiff's attorney not to do so until his bill has been first satisfied, the former is liable to pay over again to the latter the amount of his lien on such debt and costs of suit.

These are all mere adjudications that an attorney has a lien on the papers and judgment for his costs, and these costs are all matter of record, and may, with great propriety, be considered a lien on the fund or property recovered. This lien is confined to some fixed and certain amount, allowed to an attorney by statute or by rules of court, and has never, that we can find, been extended to cases where an attorney counselor claims a *quantum meruit* compensation for services rendered.

We have looked into all the cases cited by appellees, decided in this country, supposed to bear upon this case, and as supporting the claim they set up. *Hobson* v. *Watson et al*, 34 Maine 20, was decided, as the very first sentence of the opinion of the court shows, upon chap. 117, sec. 37, of the statutes of that state, which expressly recognizes the existence of a lien upon the judgment in favor of the attorney in the suit

for his fees and disbursements, by which we understand his taxable costs.

*Shapley* v. *Burrows*, 4 N. Hamp., 347, decides, where parties have mutual executions against each other, either party is entitled, under the statute of the State, to have one execution set off against the other, but not to the disparagement of the attorney who has a lien on the judgment to the extent of his fees and disbursements. The court argues at length, the justice of such a lien, and closes by saying, the lien does not extend beyond the amount of the fees and disbursements, by which, we understand, fees and disbursements legally chargeable and taxable against the party. The twenty-first volume, N. Hampshire reports, from which is cited the case of *Wright* v. *Cobleigh*, is not at hand.

*Wells* v. *Hatch*, 43 N. H., 247, decides, that the lien of an attorney extends only to the taxable fees and disbursements in the cause, and does not include counsel fees, nor incidental expenses, commissions, or any claims against his employer, not taxable. Reference is made to *Shapley* v. *Burrows, supra,* and *Wright* v. *Cobleigh,* 21 N. H., 339.

*Andrews* v. *Morse et al.,* 12 Conn. 444, decides, that an attorney having obtained a judgment, has a lien upon the judgment and execution as against the debtor, with notice, for his services and disbursements in the progress of the suit, which courts of law and equity will protect subject to the equitable rights of others.

*Gager* v. *Watson* 11 ib., 168, decides, that an attorney, as against his client, has a lien upon all papers in his possession, for his fees and services performed in his professional capacity, as well as upon judgments recovered by him. But his lien upon judgments is subject to the equitable claims of the parties in the cause, as well as to the rights of third persons, which cannot be varied or affected by such lien.

*Runnill* v. *Huntington,* 5 Day, (Conn.) 165, decides, that an attorney has no lien upon a judgment, obtained in favor of

his client, which can vary or effect the rights of a stranger. No such lien is created, either at common law, or by the principles of chancery.

*Martin* v. *Hawks*, 15 Johns. R., 405, decides only, that an attorney has a lien on a judgment recovered by him for his client, for his taxable costs, and if a defendant, after notice of such lien, pay the amount of the judgment to the plaintiff, without satisfying the attorney for his costs, such payment would be in his own wrong, and he would be liable to the attorney for the amount of his bill. The cases of *Ward* v. *Wordsworth*, 1 E. D. Smith, in the common pleas, 598 ; *Bradt* v. *Coon*, 4 Cowen 416, both relate to the taxable costs for which a lien exists.

*Rust* v. *Larue*, 4 Littell, (Ky.) 417, does not, as we read it, touch this case. The question of champerty was the only question involved, and the same is the case of *Caldwell* v. *Shepherd*, 6 Monroe, 392.

*Read* v. *Bostock*, 6 Humphrey, (Tenn.) 321, decides only, that an attorney, who received the proceeds of land sold by a decree in chancery, which he obtained, for the payment of debts, may, after the payment of the debts, retain so much as might be due him for his professional services rendered in the cause.

*Pope* v. *Armstrong*, 3 Smedes, and Mar. 284, and *Cage* v. *Williams*, 3 ib., 223, decide only, that an attorney has a lien on money collected for a client, for the satisfaction of his claim for professional services.

*McDonald et al.* v. *Napier*, 14 Georgia, 89, is more to the point than any other case before cited, but does not reach the precise point of this case.

It is there held, that in Georgia, attorneys and solicitors have the same liens for their fees, whether agreed upon by express contract, or by implied contract, or determinable by the usages of the profession, which exist in England in favor of attorneys and solicitors, for their bills of costs.

61—46TH ILL.

*Carter* v. *Davis et al.* 8 Florida, 183, decides nothing more on the point in question, than that the claims of attorneys, in certain cases, constitute an equitable lien on the judgment recovered by them, and as such, entitled to priority. The extent of the lien, however, was to be ascertained upon the basis of *quantum meruit.*

*Carter* v. *Bemut et al.*, 8 ib., 214, is a branch of the above case, in 6 Florida, and it holds that professional services of an attorney, in that State, constitute what is known, and spoken of, in this country and in England, as "fees" and "costs," between attorney and client, and constitute a *lien*, which should be enforced under the same rules of law as in England, where these fees and costs are taxable, so far as consistent with the practice in Florida.

*Fowler* v. *Morrill*, 8 Texas, 153, goes to the point only, that an attorney's lien on a judgment recovered by him, will be protected.

We have thus reviewed all the cases cited by appellee, and we are confident not one of them sustains them in the position they have taken, and ask this court to sustain, that their claim to compensation as attorneys at law, is a lien upon the land, recovered in an action of ejectment.

On the other side, several cases are cited, decided by courts in States where the practice of taxing costs by an attorney, does not prevail.

In Indiana it was held, *Hill* v. *Brinkley*, 10 Ind. 102, that attorneys have no general lien upon judgments for fees. In England, and in some of the States of the Union, attorneys have such a lien for taxable costs; but these are different from attorneys' fees. These taxable costs in Indiana, and in this State, go to the clerk and other officers, not to attorneys. Neither statute nor usage, in that State, gives attorneys a lien upon judgments for their costs.

In *Smalley et al.* v. *Clark et al.*, 22 *Verm.*, 598, this whole subject is fully examined, and the conclusion reached, that a

solicitor in chancery, who was employed to commence and prosecute a suit for the purpose of obtaining, for his client, an unembarrassed title to land, to which he had a claim, and who successfully prosecuted the suit to a final decree, whereby the client obtained the land, had no specific lien upon the land so obtained, for the payment of his account for services and expenditures in the prosecution of the suit.

This is a case quite in point, the only difference being that appellees' services, for which they claim a lien on the land recovered, were rendered in a court of law, while those were in a court of chancery.

The facts in that case were not dissimilar from the facts in the case before us, as would appear from the structure of the bill. Smalley's bill was predicated upon the idea that he had what was called an attorney's lien upon the lands, for the payment of his account for professional services in securing the land. The question was, in that case, had the complainant, Smalley, any specific lien upon this land, as against Smith, which a court of equity could protect and enforce. The court, admitting that attorneys have a lien upon judgments recovered for their clients, for their costs, and may retain the amount in their hands, and may have an order to restrain their clients from receiving the proceeds until their bills have been paid, yet hold, that a lien upon the land recovered, is not recognized by any adjudged case in England, save in the doubtful case of *Barnesly* v. *Powell*, in 1 Ambler, 102, cited by appellees, as a leading case on the point, and which we have endeavored to show, has but little, if any, application.

The court say, if such a *lien*, as contended for, existed in England, it is somewhat remarkable, that numerous adjudged cases are not to be found, in which it has been recognized and enforced. That court was not aware of any such case, and none was cited on the argument. The absence of such cases, especially, as there would have been frequent occasion

for enforcing such a lien, if it existed, furnishes a strong argument that no such lien does exist.

*Harger and wife et al.* v. *Fowler*, 20 Arkansas, 667, was a case where Fowler, an attorney at law and solicitor in chancery, had been employed to prosecute a suit in chancery, for the recovery of a tract of land, in which the attorney was successful. He claimed a lien on the land recovered, and his counsel urged all the arguments, and cited most of the authorities cited in this case. The court said, to hold that a solicitor has a lien upon the lands recovered in a chancery suit, for his reasonable fee, would be introductory of a new principle, and an extension of the doctrine of the solicitors' lien beyond adjudged cases. The leading case of *Barnesly* v. *Powell*, 1 Ambler *supra*, was fully examined and commented on, and also the case of *Turwin* v. *Gibson*, 3 Atkins *supra*, and were considered as failing to sustain the claim set up.

*Frizzell et al.* v. *Haile*, 18 Mo. 18, decides that attorneys in that State have no lien for their fees upon judgments recovered by them, and a defendant would be protected in paying the money to the plaintiff in the judgment, notwithstanding he may have notice that the fees of the attorneys are unpaid. The court said that attorneys and counselors at law, in Missouri, were not to be confounded with the mere attorneys and solicitors in England. There they are recognized as officers of the court, and entitled to fees for the services performed by them in the same manner as the clerks of our courts of record. Their fees are ascertained and fixed by rules of court, and are recognized in the taxation of the costs of the suit; and such being their foundation, the law confers a lien on papers and on judgments to secure their payment, and will not suffer collusive compromises between the parties to a suit, made with a view to prevent their recovery. In our country, attorneys at law are allowed no pay which are taxed as costs. They look to contracts made with clients for remuneration for their services. If they receive the money of those who employ them,

they may retain their pay, just as any other bailee may retain for services rendered in the case of the subject of the bailment. Hence, the court say, the learning in the English books in relation to the liens of attorneys, has but little, if any, application under our system of laws.

In *Dubois'* appeal, 38 Penn. State Rep. 231, the court said, in a certain sense, an attorney may be said to have a lien for his fees upon the money or papers of his client, while they are in his hands. He may deduct, from money collected by him, a just compensation for collecting it, and need only pay over the balance. This, however, is a right to defalcate, rather than a lien. So he may retain papers intrusted to him, until he has been paid for services rendered in regard to them; but possession is indispensable to his lien, as much as it is to the lien of an ordinary factor, or bailee.

In *Cozzens* v. *Whitney and Wife*, 3 Rhode Isl. 79, which was a proceeding in chancery seeking to obtain a lien upon real estate, toward which complainant had rendered professional services as an attorney, on the assurance that they would be paid for by means of the estate, the court said they could not see how, upon the general principles of equity, there could be a lien on the property for the payment of complainant's claim.

In *ex parte Kyle*, 1 California, 331, it was said, an attorney has a lien for his costs upon a judgment recovered by him, but these are such costs as are allowed to an attorney by statute, and is not extended to cases where an attorney or counselor claims a *quantum meruit* compensation for his services.

A careful review of the authorities cited, satisfies us that no such lien, as claimed by appellees, has ever been allowed in any court in England, or in any of the States of this Union. No case directly on the point has been cited, for while, as in England, New York, Massachusetts, Georgia and Florida, attorneys have a lien on the judgments recovered, for their costs, nearly all the cases show the judgments were money judgments, and

the lien allowed was for taxable costs only, and not where a *quantum meruit* compensation was claimed.

In this State we have no statute giving costs to attorneys; consequently, they must recover for their services in the ordinary mode.

The argument of appellees, as to the justice of the claim to a lien, might, with propriety and force, be addressed to the law-making power.

It may be, a lawyer's services in recovering a tract of land by suit are as meritorious as those of a carpenter or mason who builds a house, but the latter had no lien until it was given to them by an express statute. At common law, liens of particular persons, in certain cases, were recognized and enforced, but they were of a kind that attached to an article in the actual possession of the bailee.

If he parted with the possession, the lien, in general, was lost. We are not able to find any case where it has been directly decided that an attorney at law is entitled to a lien on the land he may have been instrumental in recovering by action at law or in chancery.

Such a lien would be a secret lien, which the policy of the law does not encourage, and when claimed, it must be supported by unquestioned authority.

A mechanic's lien, though created by express statute, is not favored by courts, for the reason that it is a secret lien, of which the public can have no notice. So with the equitable lien of a vendor of land for the purchase price; this is not favored for the same reason, and it must be enforced in a reasonable time.

If, to these secret liens, be added those of an attorney, no one can foresee the difficulties and confusion that would result from it. Every tract of land which had once been a subject of litigation, would lose most of its exchangeable value, from an apprehension of some latent lien in favor of some attorney.

We can see no reason for such a claim as is advanced by the appellees, and find no authority to support it.

The views above presented, render it unnecessary to examine any other question made on the record.

The original decree, not having been a final decree, and only made such by this last decree from which the appeal is taken, the reversal of the last must operate as a reversal of the first, and disposes of all the questions made on the record.

The decree is reversed.

*Decree reversed.*