MARK WEINBERG
*v.*
JOHN NOONAN *et al.*

|193    165|
|d200 ³ 90|

*Opinion filed December 18, 1901.*

1. PRACTICE—*objections to right of party to intervene must be made in trial court.* Objections to the right of a party to intervene must be made in the trial court or they will be regarded as waived.

2. SAME—*chancery rules govern proceedings to contest an election.* A proceeding to contest an election is in the nature of a chancery suit, and the rules of chancery practice apply.

3. SAME—*court giving leave to file intervening petition cannot dismiss it of its own motion.* If the court, after entering a final decree in an election contest, grants leave, with the consent of all parties, for an intervening petition to be filed, the intervenor acquires a standing in court as a party, and it is the duty of the court to either vacate the decree or open it and hold it in abeyance, and require the defendants to the intervening petition to plead, answer or demur, and upon the issues thus made to judicially dispose of the case.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

JAMES R. WARD, for plaintiff in error.

WHEELOCK & SHATTUCK, (F. J. NEWEY, of counsel,) for defendant in error John Noonan.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The defendant in error John Noonan filed a petition in the circuit court of Cook county to contest the election of the defendant in error Mozis to the office of constable in and for the town of South Chicago, in said county. The petition alleged the election occurred on the second day of April, 1901; that the petitioner, Noonan, was the regular republican nominee for said office, and that the defendant in error Mozis was the regular democratic nominee for said office; that on the face of the returns Mozis received a plurality of the votes cast for the office and was declared duly elected and received a certificate of election, and the petitioner charged that Mozis did not receive a majority of the votes cast at said election over the petitioner; that a re-count of the votes would show the petitioner received more votes than said Mozis; that frauds were committed, judges and clerks of the election bribed and the election conducted in open defiance of the election laws, all to the injury and prejudice of the petitioner; that votes cast for the petitioner were not counted for him; that illegal votes were cast and counted for Mozis; that legal voters were, by intimidation at the polls, prevented from casting their votes for the petitioner; and the petition contained other charges general in their nature, requiring, as the petition alleged, the returns from "various precincts," not otherwise designated, should be disregarded. The petitioner concludes with a prayer that an inquiry may be instituted into the foregoing allegations according to the laws, the ballots cast for constable at said town be re-counted, and that the court "may so count said ballots as to give expression to the honest intention and will of the voters in said town

of South Chicago, and may expunge from said returns all illegal ballots which appear to have been illegally cast," etc.; that "after hearing such testimony and after opening and re-counting said ballots," etc., the court declare petitioner duly elected constable of the town of South Chicago at said election, for the term of four years.

On the same day that the petition was filed, the defendant thereto, John Mozis, came into said circuit court and waived the issuance and service of process and entered his appearance as defendant to the petition, and at the same time filed his answer to the petition, in which answer said Mozis stated he admitted the allegations of the petition to be true, and that he disclaimed all right to hold the said office of constable in the said town of South Chicago.

On the 24th day of April, 1901, the court, acting solely upon the petition and the answer thereto, entered a decree vacating the certificate of election of said Mozis to the office of constable, and declaring the petitioner, Noonan, to have been duly elected to that office. On the day following the entry of the decree the plaintiff in error, Weinberg, entered his motion in said court that the decree so entered be vacated and that leave be given him to file an intervening petition to contest the election to said office of constable. The motion was continued until the 30th day of April, and on that day, by consent of all the parties, the court entered an order granting leave to the plaintiff in error, Weinberg, to file his intervening petition, and the same was filed *instanter*. The intervening petition alleged that at said election for the election of constables, referred to in the petition of said Noonan to contest the election of said Mozis, the statutes provided that twenty-seven constables should be elected in and for said town of South Chicago; that the democratic party nominated twenty-seven candidates and the republican party also nominated twenty-seven candidates to be elected to said offices of constable at said election;

that said Mozis was one of the twenty-seven candidates or nominees of the democratic party, and said Noonan and the petitioner, Weinberg, were two of the twenty-seven candidates nominated by the republican party; that the official returns made by the officers of the election showed all the nominees of the democratic party to have been elected; that of such nominees Mozis received the second lowest number of votes, and one George Samonski, another of the nominees of the democratic party, received a lower number of votes than said Mozis; that said official returns showed that said intervening petitioner, Weinberg, received the highest number of votes cast for any of the nominees of the republican party, and that said defendant in error Noonan received the lowest number of votes cast for any of the twenty-seven nominees of the republican party; that said Noonan, who received a lesser number of votes than were cast for the intervening petitioner, Weinberg, and the lowest number of votes cast for any of the republican candidates, filed his petition in the circuit court to contest the election of John Mozis, who, as one of the candidates of the democratic party for said office, received a greater number of votes than said George Samonski, another of the candidates on said democratic ticket for said office; that said Mozis confessed the charge in the petition of Noonan, and that a decree was entered declaring Noonan to have been duly elected to said office on such confession of Mozis; that an order had been entered permitting the petitioner, Weinberg, to file his intervening petition, and to show that he, and not said Noonan or said Mozis, had been elected to said office of constable. The intervening petition then alleged the official returns of said election showed that the intervening petitioner had received a greater number of legal votes than said Noonan, and averred that such was the fact, and a re-count, if required to be taken, would show that such was the fact, and further charged that at such election a large specified num-

ber of legal votes cast in each precinct at said election for the petitioner, Weinberg, had been improperly and fraudulently counted for said Noonan; that a specified number of illegal votes had been cast by persons not entitled to vote and counted for said Noonan in each voting precinct in said town at said election; that legal votes cast for said Weinberg in each voting precinct had been unlawfully rejected from the count by the election officers; that a large number of ballots on which appeared distinguishing marks were illegally counted for the said Noonan, and made other charges of illegality and fraud to the alleged injury of said petitioner, Weinberg, and alleged that a re-count of all the legal votes cast would disclose that the intervening petitioner received more legal votes at said election for said office than were cast for said Noonan, and that the official declaration of the election officials that said intervening petitioner, Weinberg, received more votes than said Noonan was also true and would be verified by a re-count of the ballots, etc. The intervening petitioner further averred, that before the proceeding instituted by said Noonan to contest the election of said Mozis was begun, both said Noonan and said Mozis knew that the official returns of said election had been declared and placed on file in the office of the board of election commissioners, and both well knew such returns showed said Noonan had received the lowest number of votes cast for any of the republican nominees for said office of constable, and that said Weinberg had received the highest number of votes cast for any of said republican nominees, and that the said Noonan filed his petition to contest the election of said Mozis, and said Mozis confessed the allegations thereof, in pursuance of a fraudulent conspiracy entered into between them to obtain a collusive decree declaring said Noonan to have been elected to said office, and that the decree entered in that cause was procured by such fraud and collusion. The intervening petition prayed a re-count of the ballots

cast at said election should be taken and had, and that if it appeared from such re-count the intervening petitioner, as he averred, was duly elected to said office of constable, a decree should be entered so declaring the fact, and the said fraudulent decree entered on the petition of said Noonan and answer of said Mozis should be vacated, etc.

No answer having been filed, counsel for the intervening petitioner appeared in open court and moved the court to vacate the decree entered on the original petition, and the answer thereto, but the court overruled the motion and ordered that the intervening petition be stricken from the files. The court also denied intervenor's prayer for an appeal. The intervenor thereupon sued out this writ of error to reverse the order or decree striking his intervening petition from the files.

Defendants in error urge the action of the court in striking the intervening petition from the files must be upheld, because, first, applications for leave to intervene are addressed to the discretion of the court, and the exercise of such discretion cannot be reviewed by an appellate court; and second, leave to intervene was not asked until after a final decree had been entered in the proceeding to which the intervenor desired to become a party. It is not necessary the correctness of either of the reasons, in mere matter of abstract law, should be adverted to. The court exercised the discretion with which it was vested and gave leave to the plaintiff in error to file his intervening petition, and that pleading was filed in pursuance of the permission thus granted by the court. All objections to the right of a party to intervene must be made in the trial court or they will be deemed to have been waived. (11 Ency. of Pl. & Pr. 505, 506.) The defendants in error did not object to this action of the court, but, on the contrary, as the record expressly states, consented that leave to intervene should be granted. True, a final decree had been entered; but the application to

vacate that decree and receive the intervening petition was filed at once and during the same term of the court at which the decree was entered. In petitions to contest elections the proceeding is in the nature of a chancery suit and the rules of chancery practice apply. (*Kingery* v. *Berry,* 94 Ill. 515; *McKinnon* v. *People,* 110 id. 305; *Rodman* v. *Wurzburg,* 183 id. 395; 2 Starr & Cur. Stat. 1896, chap. 46, sec. 116, p. 1666.) The court, during the term, had full power to revise, correct, amend or vacate the decree, (*Coughran* v. *Gutcheus,* 18 Ill. 390; *Edwards* v. *Irons,* 73 id. 583; 5 Ency. of Pl. & Pr. 1047;) or the court might have opened the decree and held it in abeyance until issues under the intervening petition could be formed and heard and determined. The plaintiff in error filed his intervening petition in pursuance of the order granting leave to file it. This order was made with the consent of the defendants in error, and it became and was a proper pleading in the case, and gave the plaintiff in error a standing in court as a party, by intervenor, to the original proceeding. Its sufficiency, as a matter of substance, could not be raised by a motion to strike it from the files, nor was such motion interposed. The court, upon its own motion, ordered it stricken. This was error. The intervenor was entitled to have his petition judicially heard and determined. The court should have either vacated the decree or opened it and held it in abeyance, and required the defendants to the intervening petition to plead, answer or demur, and upon the issues thus made have judicially disposed of the cause.

The order or decree striking the intervening petition from the files is reversed and the cause remanded, with directions to the circuit court to proceed in conformity with the views herein expressed.

*Reversed and remanded.*