### Jesse Black, Jr. et al., Appellants, v. John L. Bevan, Appellee.

1. ATTORNEY AND CLIENT, § 150*—*when lien not enforceable against purchaser on partition.* Where a bill to partition real estate, filed by attorneys for the plaintiff is dismissed by the plaintiff without consent of his attorneys and the land sold to the attorney for one of the defendants in the bill, neither the solicitors who filed the bill nor the solicitor to whom the land was sold being parties to the partition suit, it is irregular for the plaintiff's attorneys, after such dismissal, to file a petition under the title of the original partition suit to enforce an alleged statutory lien for solicitor's fees against such purchaser.

2. ATTORNEY AND CLIENT, § 138*—*right to lien where partition suit dismissed and land sold.* The attorney for the complainant in a bill to partition real estate has no lien upon the interest of the complainant for his fees where the suit is dismissed by the complainant without the attorney's consent and the land sold to another person.

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Jesse Black, Jr., and Beach & Trapp, *pro se.*

King & Miller, for appellee.

Mr. Justice Scholfield delivered the opinion of the court.

One James Stone employed Jesse Black, Jr., of Pekin and Beach & Trapp of Lincoln, attorneys, to file a bill to partition 145½ acres of land in which the said Stone owned an undivided one-fifteenth interest.

The bill to partition said real estate was filed by the said attorneys in the Circuit Court of Logan county to the May term, 1914, of said court.

After the bill was filed and before the convening of the May term of said court, the said Stone, without the consent of Black and Beach & Trapp, his attorneys, sold and conveyed his undivided interest in the said real estate sought to be partitioned to John L. Bevan, an attorney for one of the defendants in the bill. On the same day that the said Stone conveyed his interest to said Bevan he, the said Stone, without the consent or knowledge of Black, Beach & Trapp, his attorneys, also filed in the office of the Circuit Clerk of Logan county a motion in writing signed by himself, to dismiss the partition suit, which motion was allowed on the convening of court, and the suit dismissed.

After the partition suit was dismissed, Jesse Black, Jr., and Beach and Trapp, complainant's solicitors in the partition suit, filed their petition, under the title of the original partition suit, to enforce an alleged lien for solicitor's fees against John L. Bevan, the purchaser of the interest of James Stone, the complainant in partition suit. The petition sets up that these solicitors had a statutory lien for attorney fees which they had earned, and avers their readiness, ability and willingness to have carried said suit through to a final decree, and that if said partition suit had

been prosecuted to a final decreê, six hundred dollars would have been a reasonable and customary solicitor's fee. The petition recites that no fee was agreed upon in advance of the bringing of the suit nor was there any written contract for fees. The petition fails to aver what would have been reasonable compensation for the services rendered in filing the bill. The petition prays that the court will, under the statutes, fix a reasonable fee for the service rendered by petitioners and order the same paid forthwith, and in default of the payment that "said lien provided by law may be enforced by the order and judgment of this court, and the right, title and interest and estate which the said James Stone owned at the time of filing said bill in and to the real estate herein described, may be sold by and under the direction of the court, and the proceeds applied towards the payment of said fees."

The petition was demurred to by respondent Bevan for want of equity, and the court sustained the demurrer and dismissed the petition "for want of equity."

The proceedings are irregular, neither the solicitors who filed the petition nor Bevan were or are parties to the suit for partition, and the court properly dismissed the petition.

The attorneys for the original complainant had no lien on his interest for their fees. The question is fully discussed in *Story v. Hull,* 143 Ill. 506, and *Dougherty v. Hughes,* 165 Ill. 384. The statute concerning liens for attorney fees has no application to this case whatever. Judgment affirmed.

*Affirmed.*