Farmers' State Bank, McNabb, Illinois, Appellant, v. Dora Mae Kidd, Administratrix of Estate of James Lloyd Kidd, Deceased, Appellee.

## Gen. No. 9,715.

Opinion filed January 27, 1942.

WALTER D. BOYLE, of Hennepin, and GEORGE W. HUNT, of Peoria, for appellant.

HORACE R. BROWN and MERVILLE L. BROWN, both of Princeton, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The Farmers' State Bank of McNabb, Illinois, filed its complaint in the circuit court of Putnam county, stating that by reason of an equitable assignment certain funds in the hands of Dora Mae Kidd, administratrix of the estate of James Lloyd Kidd, deceased, belonged to the bank. The complaint was amended and upon motion of the defendant the same was dismissed at the cost of the plaintiff and this appeal is prosecuted.

The complaint alleged, among other things, that the bank had paid certain checks drawn by James Lloyd Kidd, in his lifetime, under an agreement with Kidd that certain horses and mules which he purchased with the funds procured from the bank would be shipped by him to a commission firm in St. Louis, and that he would direct the proceeds of said sale to be delivered to the appellant bank; that said horses and mules were shipped by Kidd to the commission firm in St. Louis, and sold by the commission firm; that Kidd directed the proceeds of said sale to be sent to the appellant. It is further alleged that Kidd died before this was done and the commission firm sent the proceeds to Dora Mae Kidd, the administratrix of the estate of James Lloyd Kidd, deceased.

It is claimed by the plaintiff that the facts as set forth in their complaint, show an equitable assignment of the funds by Kidd, to the appellant bank. Whether there was an equitable assignment is the only question involved in the appeal. In the case of *Hibernian Banking Ass'n v. Davis*, 295 Ill. 537 the Supreme Court was considering whether the contract between the parties to the suit created an equitable mortgage, and on page 544 we find the following language: "While it is true that it does not require express words to create an equitable mortgage where the intention to create such a lien is evident, yet it must clearly appear from the instrument or the surrounding circumstances at the time of entering into the

same, that the maker of the instrument intended that the property therein described is to be held, given or transferred as security for the obligation. (3 Pomeroy's Eq. Jur. — 3d ed. — sec. 1235.)

"Plaintiffs in error urge that these instruments at least constitute an assignment of the fund arising from the sale of the building. Counsel, however, lose sight of the difference between an actual assignment or appropriation of the fund and a mere promise or agreement to pay out of a certain fund when it shall be collected or recovered. It is only where there is an actual appropriation of the fund that an equitable assignment arises. It does not arise from a promise to pay out of a certain fund when such shall be created. *Story v. Hull,* 143 Ill. 506; *Cameron v. Boeger,* 200 Ill. 84.''

Our courts have held that an agreement to pay out of a particular fund is not an assignment of such fund or any portion thereof. To constitute such an assignment, the assignor must not retain control over the fund and the transaction must be such that the fund holder may safely pay the assignee. *Bromwell v. Turner,* 37 Ill. 561; *Bell & Howell Co. v. Spoor,* 225 Ill. App. 256; *Cameron v. Boeger,* 200 Ill. 84.

The only case cited by appellant to support their contention is *Lewis v. Braun,* 356 Ill. 467. We do not think that the facts in the *Lewis* case are the same as in the present case. The majority opinion states the law applicable to such cases. The facts in the two cases are so different that the law does not apply to the case at bar. In the present case we think the only agreement, as alleged in the complaint, was that Kidd agreed to pay the bank out of a particular fund, namely, out of the proceeds of sale from the horses and mules, but at all times he retained control over the fund. Therefore, under the law there was no equitable assignment of the proceeds of the sale.

The judgment of the circuit court will be affirmed.

*Affirmed.*