2026 IL App (1st) 250743-U

FIRST DIVISION
March 31, 2026

No. 1-25-0743

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| ROSENSON & ZUCKERMAN, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff/Counter-Defendant-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 3849 |
| | ) | |
| HAIL SAEED, | ) | Honorable |
| | ) | Jerry A. Esrig, |
| Defendant/Counter-Plaintiff-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:   We reverse the judgment of the circuit court of Cook County granting plaintiff's motion to reconsider the judgment denying plaintiff's motion for summary judgment and remand for further proceedings; reconsideration was appropriate based on new facts; however, collateral estoppel does not apply to preclude relitigation of a material fact on summary judgment because that fact was not necessary to the prior judgment.

¶ 2    Plaintiff, Rosenson & Zuckerman, LLC, a law firm, filed a complaint for breach of contract against defendant, Hail Saeed, its former client, for unpaid legal fees. In the case in which plaintiff represented defendant where the fees were incurred (the underlying litigation), plaintiff sought an equitable lien on defendant's judgment to recover its unpaid fees. The trial court in the underlying litigation denied plaintiff's petition for an equitable lien and in the course of doing so found that the services performed and the fees sought were necessary and reasonable.

Plaintiff filed a motion for summary judgment in this case arguing that defendant was collaterally estopped by the judgment in the underlying litigation from disputing the necessity or reasonableness of plaintiff's services and fees in this case. The trial court in this case denied the motion on the ground the judgment in the underlying litigation was still subject to appeal. After that judgment became final, plaintiff filed a motion to reconsider. The trial court, now with a different trial judge, granted the motion to reconsider, found that collateral estoppel applied, and granted summary judgment in favor of plaintiff. Defendant appeals on the ground collateral estoppel does not apply because the factual finding in the underlying litigation was not necessary or material to that court's judgment and application of collateral estoppel would be unfair.

¶ 3    For the following reasons, we reverse and remand for further proceedings.

¶ 4                          BACKGROUND

¶ 5    Plaintiff, Rosenson & Zuckerman, LLC, a law firm (R & Z), began representing defendant, Hail Saeed, in 2019 in a lawsuit based on the breakdown of operations of an LLC in which defendant was a member. *Musa v. Saeed*, 2022 IL App (1st) 220209-U, ¶ 2 (*Saeed I*). The parties to that lawsuit, including defendant, all received judgments in their favor on their various claims against each other. *Id*. ¶ 29. The trial court's judgment ordered that the LLC be dissolved and its assets liquidated. *Id*. ¶ 30. This court affirmed. *Id*. ¶ 77. The case returned to the trial court for further proceedings in compliance with the trial court's judgment. *Musa v. Saeed*, 2024 IL App (1st) 232196-U, ¶ 4 (*Saeed II*). While the matter was pending in the trial court, after this court affirmed the trial court's judgment, defendant (Saaed) discharged plaintiff (R & Z) as his attorneys. *Saaed II*, 2024 IL App (1st) 232196-U, ¶ 5. Plaintiff "subsequently filed a Petition to Attach Attorney's Lien on the assets subject to a turnover order pursuant to the Attorneys Lien Act (770 ILCS 5/1 (West 2022))." *Id*. ¶ 5. "In the alternative, [plaintiff] petitioned for an

equitable lien against the judgment or a contractual fee award." *Id*. ¶ 7. "Shortly after filing its reply adding theories of relief to its claim for fees [(on April 11, 2023)], [plaintiff] filed a separate lawsuit against Saeed alleging breach of contract." *Id*. ¶ 7. (That breach of contract lawsuit is the subject of the instant appeal.) The case in *Saaed II* ultimately proceeded on plaintiff's " 'Amended Petition for Attorney's Fees Award Under Equitable Lien or Other Equitable Device.' " *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 9.

¶ 6        In *Saeed II*, defendant argued that plaintiff "has a remedy at law and had already filed a separate lawsuit against [defendant,] that [plaintiff] is not entitled to an equitable lien, and, in the absence of a statutory or equitable lien, the trial court does not have jurisdiction to enter any further order regarding amounts claimed to be owed to [plaintiff.]" *Saaed II*, 2024 IL App (1st) 232196-U, ¶ 10. Defendant argued that "the reasonableness of [plaintiff's] fees should not be determined by the trial court *** , but by a jury." *Id*. Defendant "also argued the fees [plaintiff] sought were unreasonable." *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 10.

¶ 7        Following argument on the petition the trial court in *Saeed II* made oral findings. *Saaed II*, 2024 IL App (1st) 232196-U, ¶ 12. The trial judge in *Saeed II* orally found that " 'the request for fees, the fee petition itself, in terms of the time, task, and the amount of hours put into the case, as well as the rate that is being requested is fair and reasonable *** in all respects.' " *Id*. ¶ 12. Nonetheless, the trial court denied the requested relief. *Id*. ¶ 13. The trial court entered a written order that only stated that "[plaintiff's] 'Petition to Enforce Equitable Lien or to Otherwise Determine an Award is denied.' The order did not include the finding that [plaintiff's] fees were reasonable." *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 13.

¶ 8 Plaintiff subsequently filed a motion to reconsider that also asked, in the alternative, the trial court to amend the written order to include "an express finding that [plaintiff's] fees are reasonable and were necessarily incurred." *Id*. ¶ 14.

"The court granted the motion to the extent it seeks to amend the August 8, 2023, Order to include the following Findings of Fact:

a. Attached as Group Exhibit 2 to the Amended Petition are [plaintiff's] records reflecting the legal services performed by [plaintiff] for [defendant] (Time Records); b. The legal tasks (Tasks) set forth in the Time Records were reasonable and necessary for [plaintiff] to litigate this case on behalf of [defendant]; and c. The hourly rate [plaintiff] charged for the Tasks is reasonable and proper." (Internal quotation marks omitted.) *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 15.

¶ 9 On appeal, the sole issue this court addressed was whether the trial court had jurisdiction to modify the written order. *Saeed II*, 2024 IL App (1st) 232196-U, ¶¶ 13-14, 19. In *Saeed II*, we noted that defendant did not "argue the trial court abused its discretion or committed some other error when it amended the order; instead, [defendant only argued that] the trial court lacked subject matter jurisdiction to modify its order denying [plaintiff's] petition for a lien to find that the fees requested were reasonable." *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 23. This court found that the trial court had jurisdiction to modify its order on the fee petition. We also found that "[w]hile we find the court had jurisdiction to amend the order we make no determination as to the legal significance of the amendment." *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 31.

¶ 10    On April 18, 2023, as referenced above, plaintiff filed the complaint that is the subject of this appeal alleging breach of contract (count I), account stated (count II), and alternatively, *quantum meruit* (count III). On June 30, 2023, defendant filed his Answer, Affirmative Defenses, and Counterclaim. Defendant's counterclaim remains pending in the trial court and is not at issue in this appeal. On August 24, 2023, plaintiff filed its first motion for summary judgment as to all counts in its complaint. As to count III based in *quantum meruit*, plaintiff argued that there is no dispute that "the sum sought is reasonable" specifically because, in the underlying litigation, the trial court "found that all of the Services at issue were necessary and that all of the fees *** were fair, reasonable, and properly documented."

¶ 11    On March 6, 2024, plaintiff filed a second motion for summary judgment on plaintiff's complaint for breach of contract and account stated. (Plaintiff's motion also sought summary judgment on defendant's counterclaim for legal malpractice but that matter is not at issue in this appeal.) Plaintiff's motion for summary judgment stated that plaintiff had asserted a claim for an equitable lien for the unpaid fees in the underlying litigation in this case. Plaintiff's motion for summary judgment in this case also stated that the trial judge in the underlying litigation "found that all of the Services rendered by [plaintiff] in the Underlying Litigation were necessary." The motion for summary judgment quoted the amended order (which this court affirmed in *Saeed II*).

¶ 12    Plaintiff argued that it is entitled to summary judgment because there is no dispute of fact that the parties had a valid and enforceable agreement, plaintiff performed under that agreement, defendant failed to pay for all of plaintiff's services under the agreement, and plaintiff suffered damages in the form of the unpaid legal fees. Plaintiff's motion for summary judgment responded to defendant's second affirmative defense that the unpaid fees are unreasonable by arguing that it is not seeking summary judgment on its claim based in *quantum meruit* or on a fee

petition, therefore, "the trial court is not required to exercise any discretion in reviewing the reasonableness of the Invoices and Unpaid Fees." Additionally, plaintiff argued that defendant "already argued this issue" and the trial court "ruled that all of the Services rendered were reasonable and necessary." Plaintiff's motion for summary judgment did not specifically argue that collateral estoppel applied to the order in the underlying litigation finding that plaintiff's fees were necessary and reasonable.

¶ 13 On August 16, 2024, the trial court denied plaintiff's second motion for summary judgment. The trial court found, in pertinent part, that when a complaint for attorney fees is based in breach of contract the plaintiff-attorney must furnish sufficient facts and computations to establish that the services rendered were necessary and the amount sought is reasonable, and that the necessity of legal services performed and the reasonableness of the amount charged are questions of fact for the trier of fact. The court found that plaintiff made no argument that its fees were necessary and reasonable but instead made an "inferred collateral estoppel argument" that because the trial court in the underlying case found that the services and fees were necessary and reasonable plaintiff is entitled to summary judgment as a matter of law.

¶ 14 The trial court found: "[Plaintiff] makes this argument in its written motion and reply brief. It is not until oral arguments on the motion that they inform the court that the 'finding' upon which their argument is premised has been appealed by [defendant.] [Plaintiff] goes on to ask this Court to stay its ruling on the present motion as it relates to the complaint until the Appellate Court has ruled." The court declined plaintiff's request and instead found that "collateral estoppel does not operate in this matter to determine that no issue of material fact exists as to the reasonableness and necessity of the fees charged." The court denied plaintiff's motion for summary judgment.

¶ 15    On September 10, 2024, plaintiff filed a motion to reconsider the trial court's order denying plaintiff's second motion for summary judgment based solely on the fact that on August 30, 2024, this court issued its decision in *Saeed II*. Plaintiff asked the trial court to reconsider the ruling on its motion for summary judgment under the doctrine of collateral estoppel. Plaintiff argued that the legal services at issue in its breach of contract case are the same legal services the trial judge considered in the underlying litigation, and the issues of whether the services and fees were necessary and reasonable that court decided in the underlying litigation are the same issues on which the trial court denied the motion for summary judgment as to count I in the breach of contract case. Plaintiff argued that with the issuance of this court's decision, the trial court's decision in the underlying litigation is a final judgment and that defendant was a party in the underlying litigation when the issues were decided.

¶ 16    On November 12, 2024, defendant filed a response to plaintiff's motion to reconsider the order denying plaintiff's motion for summary judgment on plaintiff's breach of contract complaint. Defendant opposed plaintiff's motion to reconsider in part on the ground plaintiff failed to cite any authority that the finding in the underlying litigation should be given preclusive effect in the breach of contract case. Defendant argued that the underlying order "is still being appealed, and thus, there is not yet finality for collateral estoppel purposes" and in the motion for reconsideration, plaintiff "has just recited its prior argument *** and there is nothing 'new' justifying the Court to reconsider its prior order." Defendant relied on his then-pending petition for leave to appeal to our supreme court.

¶ 17    Defendant also cited authority for the proposition that before collateral estoppel can be applied, a decision on the issue must have been necessary for the judgment in the first litigation. Defendant argued that the finding as to necessity and reasonableness of the fees was not material

to the ruling that plaintiff could not assert a lien, those findings were *dicta*, and the issues "cannot be said to have been *necessarily* litigated and determined in the prior action." (Emphasis added.) Defendant further argued that if collateral estoppel were found to apply defendant would be "deprived of the ability to have this dispute resolved by a jury" and consequently, application of collateral estoppel would be "unfair."

¶ 18 Plaintiff's motion to reconsider was decided by a different trial judge from the judge who denied the motion for summary judgment. The parties fully briefed the motion to reconsider and the trial court held oral argument on the motion. At oral argument, plaintiff asked the court to reconsider the prior order "on the basis of information that was not before the judge when she denied the motion for summary judgment the first time which is the Appellate ruling." Defendant argued that the finding as to necessity and reasonableness was not "necessary" to the finding that there was no lien "because if there is no attorney's lien, then there was no need to take that next step to determine the reasonableness of fees."

¶ 19 The trial judge in this case stated that "the issue of whether or not the fees were reasonable and necessary was an essential element of [plaintiff's] claim" in the underlying proceeding seeking an equitable lien and was adjudicated in the proceeding. The trial court in this case admitted that "it turns out that [the trial court in the underlying litigation] didn't have to determine the issue [of necessity and reasonableness]" because the court ruled based on a different issue; nonetheless, the court "did determine it ***." The court found that the criteria for collateral estoppel were met because the issue of reasonable and necessary was an essential element of the claim that [plaintiff] presented to the Court and it was fully litigated in the underlying proceeding." The trial court granted the motion to reconsider on the basis that "there's been a change in the law in that the law in Illinois is that collateral estoppel does not

apply until all Appellate rights have been exhausted." The court found those rights have been exhausted now and with that collateral estoppel applies and summary judgment should be granted. The court granted defendant's oral motion pursuant to Illinois Supreme Court Rule 304(a) and found that there is no just reason to delay the appeal or enforcement of its order.

¶ 20    This appeal followed.

¶ 21                                    ANALYSIS

¶ 22    This is an appeal from a judgment granting a motion to reconsider and finding that because a prior judgment became final, collateral estoppel applies and summary judgment in favor of the movant should be granted. Defendant, the nonmovant, argues that the standard of review is *de novo* because plaintiff presented no new evidence in its motion to reconsider. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 36 ("When reviewing a motion to reconsider based on the circuit court's purported misapplication of existing law, the standard of review is *de novo*; by contrast, where the motion to reconsider is based on new evidence, facts, or legal theories not presented in the prior proceedings, our standard of review is abuse of discretion."). Plaintiff agrees but adds that when the issue involves a discretionary determination of whether the application of collateral estoppel would be "unfair" the exercise of such discretion should be reviewed under the abuse of discretion standard. *In re D.T.*, 212 Ill. 2d 347, 356 (2004) ("If this ruling is a matter of judicial discretion *** then it is reviewable only for an abuse of that discretion.").

¶ 23    Although defendant's counterclaim remains pending in the trial court, the court entered a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 9, 2016) that "there is no just reason for delaying either enforcement or appeal" of the judgment at issue.

¶ 24    "The purpose of a motion to reconsider is to alert the court of newly discovered evidence that was unavailable at the time of the hearing, changes in the law, or errors in the court's application of the law. [Citation.] Generally, a trial court's ruling on a motion to reconsider is reviewed under the abuse of discretion standard. [Citation.]" *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664, ¶ 20. "As we have explained, however, under that 'rubric' of abuse of discretion, we must apply other standards of review, depending on whether the underlying issue is one of fact or law. [Citation.]" (Internal quotation marks omitted.) *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 18. Our determination of the appropriate standard of review requires us to first determine the basis of the trial court's grant of reconsideration. See *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 26.

¶ 25    The trial court stated there had been "a change in the law." The "change in the law" to which the rial court referred was whether collateral estoppel applied because the judgment to be given preclusive effect was final. "Finality, for purposes of the application of collateral estoppel, requires that the 'potential for appellate review must have been exhausted.' " *Werderman v. Liberty Ventures, LLC*, 368 Ill. App. 3d 78, 84 (2006). That law remained unchanged between the judgment on the motion for summary judgment and the judgment on the motion to reconsider; the "change" was based on "new matters, such as additional facts" (*Liceaga*, 2019 IL App (1st) 181170, ¶ 26), specifically that the order with allegedly preclusive effect in these proceedings was now final. Because we find that the proper grounds for reconsideration was a "change" that asked the court to reconsider "based on new evidence [or] facts *** not presented in the prior proceedings," the standard of review of the trial court's judgment granting reconsideration is for an abuse of discretion. *Graves*, 2020 IL App (1st) 181516, ¶ 36; *Liceaga*, 2019 IL App (1st) 181170, ¶ 26. "An abuse of discretion occurs only when the trial court's

decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 26 Nonetheless, "the underlying issue" of "[w]hether the doctrine of collateral estoppel is applicable *** is a question of law that this court reviews *** de novo." *Amalgamated Transit Union, Local 241 v. Chicago Transit Authority*, 2014 IL App (1st) 122526, ¶ 12; *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 18. Defendant does not argue that plaintiff's motion did not "alert the court of newly discovered evidence that was unavailable at the time of the hearing, changes in the law, or errors in the court's application of the law." See *Belluomini*, 2014 IL App (1st) 122664, ¶ 20. Defendant challenges whether the doctrine of collateral estoppel is applicable in this case. Therefore, our standard of review is *de novo*. *Amalgamated Transit Union, Local 241*, 2014 IL App (1st) 122526, ¶ 12.

¶ 27 "The purpose of collateral estoppel, also known as issue preclusion, is to prevent repetitive litigation of the same factual issue. Collateral estoppel applies when a party participates in two separate and consecutive cases arising out of different causes of action and some controlling factor or question material to the determination of both cases has been adjudicated against the party in the former suit by a court of competent jurisdiction." *St. Paul Fire & Marine Insurance Co. v. Lefton Iron & Metal Co., Inc.*, 296 Ill. App. 3d 475, 487 (1998).

"In order for collateral estoppel to be applied, the following requirements must be met: (1) the issue decided in the prior adjudication is identical with the one presented in the current action; (2) there was a final judgment on the merits in the prior adjudication; (3) the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication; and (4) the factual issue against which the doctrine is interposed was actually and *necessarily* litigated and

determined in the prior adjudication." (Emphasis added.) *Amalgamated Transit Union, Local 241*, 2014 IL App (1st) 122526, ¶ 12.

"[C]ollateral estoppel is an equitable doctrine, so that, even where the threshold elements of the doctrine are satisfied, it will not be applied if an injustice would result. [Citation.] The purpose of the doctrine is to prevent the relitigation of issues that have already been decided. [Citation.]" *Lewis v. Illinois Workers' Compensation Comm'n*, 2022 IL App (2d) 210779WC-U, ¶ 36.

¶ 28     Defendant argues that collateral estoppel does not apply because the finding in the trial court's judgment in the underlying litigation, that plaintiff's services and fees were necessary and reasonable, was "not necessary or material to [the] ruling" denying plaintiff's petition for an equitable lien for attorney fees. Defendant argues that the denial of the petition for attorney fees in the underlying litigation "should have ended the issue" and there was no need to "take the extra step" to determine that the services and fees were necessary and reasonable; as a result, that finding is *dicta*.

¶ 29     Plaintiff responds the necessity and reasonableness of the fees was an essential element of the petition for an equitable lien and was a basis on which the trial court in the underlying litigation *could* have denied plaintiff's petition; and the trial court's decision on those issues was not *dicta* because the issues were fully briefed and argued by the parties and the court decided them only after the court "had intentionally and thoughtfully considered the parties' submissions and arguments after an evidentiary hearing."

¶ 30     In support of his argument that "the reasonableness of the fees cannot be said to have been necessary" to the judgment in the underlying litigation, defendant cites *Lewis*, 2022 IL App (2d) 210779WC-U, ¶ 1, where the court held that the employer in a workers' compensation case "was not collaterally estopped from challenging causation where [the] finding asserted as its

basis was not definitively decided in earlier litigation." In *Lewis*, the claimant for workers'

compensation benefits suffered an injury in 2017 that was settled in 2017, then suffered two

separate injuries in January and November 2018. *Id*. ¶¶ 33-34. The Commission affirmed an

arbitrator's decision that the claimant's injuries following the November 2018 accident were

"causally related solely to the [January 2018] accident" but reversed the arbitrator's separate,

identical finding regarding the January 2018 accident as to causation. *Id*. ¶ 34. The claimant

argued that because the employer did not appeal the Commission's decision concerning the

November 2018 accident it was collaterally estopped from challenging the Commission's

reversal concerning the January 2018 accident. *Id*. ¶ 34. The *Lewis* court found that " 'the factual

issue against which the doctrine is interposed ***' *** cannot be said to have been 'necessarily

litigated and determined in the prior action.' [Citation.]" *Id*. ¶ 39. The *Lewis* court found that "the

arbitrator's mention of the causal relationship between claimant's condition of ill-being and the

January 2018 accident is not material to the arbitrator's findings pertaining to the November

2018 accident. In essence, it is *dicta*." *Id*. ¶ 39. In other words, the determination of whether the

November 2018 accident caused a new injury was not based on whether the January 2018

accident caused an injury. See *id*. ¶ 26 ("this accident resulted in a 'flare up' of claimant's

condition").

¶ 31    In this case, the decision not to grant plaintiff an equitable lien was not based on a finding

that the services and fees *were* necessary and/or reasonable. Nor would the finding that the fees

were necessary and reasonable entitle plaintiff to an equitable lien, as evidenced by the fact the

trial court denied plaintiff's petition for an equitable lien despite finding that the fees were

necessary and reasonable. *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 13 ("The trial court's written

order only stated that [plaintiff's] 'Petition to Enforce Equitable Lien or to Otherwise Determine

an Award is denied.' The order did not include the finding that [plaintiff's] fees were reasonable."). In *Saeed II*, this court construed *Mordkovich v. Tishman Speyer Properties*, 2017 IL App (1st) 161609, ¶ 19. That court found:

> "An equitable lien may arise in circumstances where a party expresses in writing an intention to make real or personal property, or some fund, the security for a debt. [Citation.] To give rise to an equitable lien *** the written agreement must constitute an assignment of the fund or some designated part, proportion, or percentage thereof. [Citations.] A mere promise to pay cannot support an equitable lien.
>
> *** *
>
> When, as in this case, a trial court determines that an intervenor who is solely asserting a lien in a tort action has no enforceable lien rights in the proceeds of that action, the court's jurisdiction over any claim that the intervenor may have against the parties to the underlying action is exhausted, and the appropriate course is to deny the petition for lien adjudication and dismiss the intervention petition for want of jurisdiction." *Mordkovich*, 2017 IL App (1st) 161609, ¶¶ 19, 25.

¶ 32    This court distinguished *Mordkovich* on the narrow ground that "[u]nlike in *Mordkovich*, *** [t]he [trial] court only modified its own prior interlocutory order, as it had authority to do." *Saeed II*, 2024 IL App (1st) 232196-U, ¶ 27. No other issues were before this court. *Id.* ¶ 19 ("The issue in this case is whether the trial court had jurisdiction to modify the August 8, 2023 order to include its findings in the November 7, 2023 order."). Our decision in *Saeed II* provides no support for finding that the trial court's finding as to the necessity and reasonableness of

plaintiff's fees was necessary to its decision. In this case, like *Lewis*, the trial judge's mention of the reasonableness of plaintiff's fees was not material to its determination to deny the petition for an equitable lien. Therefore, like in *Lewis*, "this finding cannot be given the preclusive effect advocated" by plaintiff. *Lewis*, 2022 IL App (2d) 210779WC-U, ¶ 39.

¶ 33     We find that *Kalush v. Illinois Department of Human Rights Chief Legal Counsel*, 298 Ill. App. 3d 980, 992-96 (1998), also relied upon by defendant, is also instructive. In that case, the court found that an employer could not hold its former employee collaterally estopped from "relitigating the issue of the reason for her termination" because the employee had filed a federal lawsuit in which the district court entered summary judgment in favor of the employer. *Kalush*, 298 Ill. App. 3d at 992 n5. The court found that collateral estoppel did not apply because "[t]he issue of the *reason* for Kalush's discharge was not litigated in the federal court nor was its determination necessary to the federal court judgment." (Emphasis added.) *Id*. Similarly, here, the issue of the necessity and reasonableness of plaintiff's fees was not "necessary" to the trial court's judgment to deny the petition because it was not a factor in that decision. See *Wright v. City of Danville*, 267 Ill. App. 3d 375, 385 (1994). In *Wright* the two proceedings involved a criminal prosecution against city officials and those officials' suit for indemnity for their defenses pursuant to city ordinances. *Wright*, 267 Ill. App. 3d at 376. The city defending the complaint for indemnity argued that our supreme court decided, in the criminal case, the issues of whether the officials acted in good faith or had reasonable cause to believe their conduct was unlawful, either of which would have precluded indemnification. *Id*., at 379-80, 383. The *Wright* court found that it did not appear that "these issues have been resolved." *Id*., at 384. The court observed that bad faith or intentional wrongdoing were not necessary to support the convictions. *Id*., at 384.

¶ 34   In this case, necessity and reasonableness were not necessary to grant the petition. "Before a trial court may exercise its discretion to grant such a remedy, it must make certain findings of fact regarding the elements of an equitable lien: '(1) a debt, duty, or obligation owing by one person to another, and (2) a *res* to which that obligation attaches.' " *Lewsader v. Wal-Mart Stores, Inc.*, 296 Ill. App. 3d 169, 178 (1998). Issues of necessity and reasonableness would only arise if the court granted such an equitable remedy. See *Lewsader*, 296 Ill. App. 3d at 178 ("the trial court does have the discretion *** to find an equitable lien, but to limit the award").

¶ 35   In this case, the trial court's finding in the underlying litigation that plaintiff's services and fees were necessary and reasonable was not the dispositive issue on which the trial court based its judgment. Indeed, in its initial order in the underlying case, the trial court denied the petition for equitable lien without mentioning the reasonableness of the fees. It was only after plaintiff filed for reconsideration and requested the judgment be modified to include finding that the fees were necessary and reasonable that the court changed the order to include the finding. Therefore, those issues were not "necessarily determined" in the underlying litigation and, as a matter of law, all of the requirements for the application of collateral estoppel have not been met. *Amalgamated Transit Union, Local 241*, 2014 IL App (1st) 122526, ¶ 12. Therefore, we have no need to determine whether the trial court abused its discretion because application of the doctrine in this case would result in an injustice. "Collateral estoppel applies if *all *** of the *** propositions are met." (Emphasis added.) *Walker v. Bruscato*, 2019 IL App (2d) 170775, ¶ 39.

¶ 36   Defendant raises several arguments for the first time in his reply brief. Although we have no need to address those issues, we note that these arguments are subject to forfeiture. *Safeway Insurance Co. v. Ebijimi*, 2025 IL App (1st) 231543, ¶ 62 (citing *Sellers v. Rudert*, 395 Ill. App.

3d 1041, 1046 (2009) ("noting that an appellant forfeits points not raised in the initial brief and cannot argue them for the first time in the reply brief")).

¶ 37     The finding of reasonableness was not necessary to the order denying the lien; the law did not allow an equitable lien under the circumstances, as the trial judge found. Thus, we find that as a matter of law, the requirements for the application of collateral estoppel to the trial court's finding in the underlying litigation, that plaintiff's services and fees were necessary and reasonable, are not met because that finding was not necessary to the court's judgment.

¶ 38                                    CONCLUSION

¶ 39     For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

¶ 40     Reversed and remanded.